IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**FAYEZ AL-BASSREI**,

        Plaintiff,

    v.

**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,** Department of Homeland Security,

        Defendant.

No. 3:14-cv-00374-MO

OPINION AND ORDER

**MOSMAN, J.**,

On September 12, 2014, Defendant United States Citizenship and Immigration Services ("USCIS") filed a Motion to Dismiss the Compliant or, in the Alternative, For Summary Judgment [16]. In his response, Plaintiff Fayez Al-Bassrei conceded that the parties "agree on all the facts" and that "the only question is a legal one."[1] (Pl.'s Response [21] at 2–3.) I agree that there is no genuine dispute as to any material fact, and therefore I believe that it is appropriate to treat this motion as a motion for summary judgment and decide which party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

On March 6, 2014, Mr. Al-Bassrei filed an action claiming that his Fifth Amendment due process rights were violated when Defendant USCIS revoked its approval of a Form I-130

---

[1] "The only question is does the petition survive the death of a person, the separation of a couple, or the withdrwal by a petitioner?" (Pl.'s Response [21] at 2.)

1 – OPINION AND ORDER

petition filed by his then-wife, Ms. Miranda Nyseth, on his behalf on February 21, 2002. (Pl.'s Compl. [2].) Ms. Nyseth withdrew her petition on August 9, 2002, but later refiled a new Form I-130 petition on November 11, 2002. (Admin. Record [17] at 20–21, 28–30.) This second petition was also later withdrawn on June 18, 2003. (*Id.* at 130–31.)

The parties' dispute centers around the effectiveness or ineffectiveness of these Form I-130 petitions filed on behalf of Mr. Al-Bassrei supporting his Form I-485 petition for legal permanent residency ("LPR"). USCIS claims that the Form I-130 petitions were automatically revoked as of the date of approval when the petitioner withdrew her petitions, and therefore were ineffective prior to a final decision on Mr. Al-Bassrei's Form I-485 petition for LPR. (Def.'s Motion [16] at 10; *See* 8 C.F.R. § 205.1). Mr. Al-Bassrei appears to argue that as long as his marriage to Ms. Nyseth was a bona fide marriage, then the Form I-130 petitions that she filed on his behalf should remain effective, despite her withdrawal of the petitions. (Def.'s Response [21] at 1–2.) Mr. Al-Bassrei has asked this Court to stay the removal proceedings against him, and to grant him LPR. (Pl.'s Compl. [2] at 1.) I believe that Mr. Al-Bassrei's position lacks any legal basis, and therefore find it appropriate to enter judgment as a matter of law in favor of USCIS.

## LEGAL STANDARD

Summary judgment is appropriate where the evidence "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 6(a); *See also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Eligibility of status benefits is governed by the Immigration and Nationality Act ("INA") and its implementing regulations. The INA gives the Attorney General the discretion to adjust the status of aliens to that of a lawful permanent resident if: (1) the alien makes an application for such adjustment; (2) the alien is eligible to receive an immigrant visa and is admissible to the

United States for permanent residence; and (3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(a). The most common method for satisfying the second requirement is to have an immediate relative (i.e. spouse, child or parent) submit a petition to USCIS to have an alien classified as an immediate relative. 8 U.S.C. § 1154(a)(1)(A)(i). A Form I-130 is a petition by a citizen or lawful permanent resident to establish the existence of a relationship to certain alien relatives who wish to immigrate to the United States. Approval of the Form I-130 petition establishes the eligibility of an alien to receive an immigration visa. Once a Form I-130 is approved, the beneficiary of the petition may apply for adjustment of status by submitting a Form I-485 application.

The INA grants USCIS broad discretion to promulgate regulations regarding revocation of approved Form I-130 petitions. *See* 8 U.S.C. § 1155 ("The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title. Such revocation shall be effective as of the date of approval of any such petition.") One ground for automatic revocation of the approval of a Form I-130 petition is the withdrawal of the petition by the petitioner. *See* 8 C.F.R. § 205.1 (providing that a Form I-130 petition is revoked as of the date of approval "[u]pon written notice of withdrawal filed by the petitioner or self-petitioner with any officer of the Service who is authorized to grant or deny petitions" before the decision on the beneficiary's adjustment application becomes final.) If the petitioner later has a change of heart after withdrawing a petition, she cannot retract the withdrawal. Rather, she must file a new petition. *See* 8 C.F.R. § 103.2(b)(6) ("An applicant or petitioner may withdraw [a] benefit request at any time until a decision is issued by USCIS or, in the case of an approved petition, until the person is admitted

3 – OPINION AND ORDER

or granted adjustment or change of status, based on the petition. However, a withdrawal may not be retracted.")

## DISCUSSION

The legal standards recited above clearly support USCIS's position that it had statutory authority to revoke its approval of the two Form I-130's filed on behalf of Mr. Al-Bassrei, and therefore it did not violate his due process rights. Ms. Nyseth withdrew each of the Form I-130's, and therefore under 8 C.F.R. § 205.1 the prior approvals of the Form I-130's were automatically revoked. USCIS did not do anything outside of the powers statutorily committed to it, and it did everything according to the processes outlined in the statute and the implementing regulations.

Mr. Al-Bassrei claims that he had a "vested right in the petition" and that he could therefore receive an adjustment of status based on those petitions "even if the [Ms. Nyseth] died, separated, [or] divorced [Mr. Al-Bassrei], so long as [he] can show that the marriage was a real marriage." (Pl.'s Response [21] at 2.) Mr. Al-Bassrei argues that the Ninth Circuit's interpretation of both the INA and the implementing regulations support his position. *See Freeman v. Gonzalez*, 444 F.3d 1031 (9th Cir. 2006); *Choin v. Mukasey*, 537 F.3d 1116 (9th Cir. 2008). *Freeman*, however, is no help to Mr. Al-Bassrei's position. Mr. Al-Bassrei correctly cites *Freeman* for the proposition that a valid Form I-130 filed by a spouse on behalf of their non-citizen spouse seeking LPR will remain effective despite the death of the petitioning spouse. (Pl.'s Response [21] at 2; 444 F.3d at 1034.) The problem for Mr. Al-Bassrei is that this holding is inapplicable to his case. It says nothing about the effect of a withdrawal of a Form I-130 by the petitioning spouse; the fact that a Form I-130 petition that was never withdrawn by the petitioning spouse prior to their death is still effective does nothing to further the argument that

the Form I-130 filed on his behalf should remain effective despite withdrawal by the petitioning spouse.

Mr. Al-Bassrei next cites *Choin* for the proposition that "so long as the petition was made in good faith the petition would survive separation or withdrawal by the spouse." (Pl.'s Response [21] at 1.) *Choin*, however, does not stand for that proposition. It is true that the plaintiff in *Choin*, despite becoming divorced to his citizen spouse prior to receiving LPR, was still able to have his petition for LPR move forward. That, however, was because the party seeking LPR in *Choin* was trying to receive a status adjustment pursuant to 8 U.S.C. § 1255(d) and not 8 U.S.C. § 1255(a) like Mr. Al-Bassrei. The process for petitioning for LPR under Section 1255(d) is very different than the process outlined above for Section 1255(a). The court in *Choin* outlined the process:

> [T]he INA provides that K visaholders [(the type of visa for aliens entering the country with intentions to marry a a citizen)] become only conditional permanent residents for the first two years of permanent resident status. 8 U.S.C. § 1186a(a)(1). At the end of the two-year period, the non-citizen and his or her spouse must file a joint petition and appear for an interview to verify that their marriage is not fraudulent. 8 U.S.C. § 1186a(c)(1)(A). If, however, the marriage has ended before the joint petition can be filed, the non-citizen can apply for a waiver of the petition requirement by showing that her marriage was entered into in "good faith" and that the immigrant "was not at fault in failing" to file the joint petition. 8 U.S.C. § 1186a(c)(4)(B). This waiver teaches that a non-citizen spouse is not automatically returned to his or her native country upon divorce.

537 F.3d at 1120–21. Section 1255(d) applies to those aliens who entered the United States with conditional permanent residency for the purposes of marrying a citizen who then seeks to convert their conditional status to full LPR. Mr. Al-Bassrei did not enter the United States with conditional permanent residency, but rather as a nonimmigrant visitor authorized only to remain in this country for two months. (Def.'s Motion [16] at 6.) Therefore, Mr. Al-Bassrei, unlike the plaintiff in *Choin*, was required to show that he was eligible to receive an immigration visa. 8

5 – OPINION AND ORDER

U.S.C. § 1255(a). He chose to meet that requirement by having his then-wife Ms. Nyseth file a Form I-130 on his behalf. *Choin* does not say anything about the process to obtain LPR for aliens such as Mr. Al-Bassrei, it says nothing about the withdrawal of Form I-130's, and, finally, it says nothing about the automatic revocation of approval of Form I-130's. *Choin* provides no support to Mr. Al-Bassrei's arguments that he had a vested right in the effectiveness of the Form I-130 petition filed on his behalf from the day it was approved by USCIS, and that Ms. Nyseth's withdrawal of the Form I-130 had no impact on the petition's effectiveness.

## CONCLUSION

Because I agree with USCIS's position that it had statutory authority to revoke its approval of the two Form I-130's filed on behalf of Mr. Al-Bassrei, I therefore find that USCIS did not violate his due process rights. The effect of the valid revocation of the approval of the Form I-130's is that Mr. Al-Bassrei cannot satisfy the second requirement of 8 U.S.C. § 1255(a). Since Mr. Al-Bassrei cannot meet the requirements of Section 1255(a), he has provided no legal basis that could adjust his legal status from an alien ordered to be removed from this country to an alien with LPR. I therefore find that there is no legal basis to stay Mr. Al-Bassrei's removal proceedings. Mr. Al-Bassrei's prayer for an injunction to stay his removal proceedings and to grant him LPR is DENIED and DISMISSED.

IT IS SO ORDERED.

DATED this __21st__ day of November, 2014.

/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Judge